IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

UNITED STATES OF AMERICA,

                Plaintiff,

v.

ANGELINA DIFRANCESCO (03),

                Defendant.

Case No. 22-20002-03-DDC

**MEMORANDUM AND ORDER**

Defendant Angelina Difrancesco pleaded guilty to one count of conspiracy to distribute and possess with the intent to distribute methamphetamine. Doc. 283; Doc. 284 at 1. The court sentenced her to a term of imprisonment of 58 months. Doc. 298 at 2. Defendant now has filed two postconviction motions. Her Motion to Reduce Sentence (Doc. 301) asks the court to place her in a halfway house for the final 12 months of her sentence. Her Motion for Release from Custody (Doc. 304) asks the court to reduce her sentence. The court dismisses both motions.

Start with defendant's Motion to Reduce Sentence (Doc. 301). The court lacks jurisdiction to grant the relief that plaintiff seeks. The Bureau of Prisons has "complete discretion to determine where federal prisoners are housed." *United States v. Carter*, 19-CR-402-WJ, 2021 WL 979627, at *2 (D.N.M. Mar. 16, 2021). So, "a district court may not encroach upon the BOP's authority to decide where the prisoner may be confined during the pre-release period." *United States v. Gonzalez*, No. CR 18-1255 RB, 2020 WL 4201856, at *1 (D.N.M. July 22, 2020) (first citing *Prows v. Fed. Bureau of Prisons*, 981 F.2d 466, 469–70 (10th Cir. 1992); and then citing *United States v. Laughlin*, 933 F.2d 786, 789 (9th Cir. 1991)). The court thus

"has no authority to order the BOP to place Defendant at a halfway house prior to [her] release date." *Carter*, 2021 WL 979627, at *2; *see also United States v. Akers*, No. 04-20089-01-KHV, 2024 WL 4881803, at *1 n.2 (D. Kan. Nov. 25, 2024) (explaining that the court "lacks authority to direct that the BOP transfer defendant to a specific facility or to home confinement"). Defendant must submit her request for placement in a halfway house to the BOP, not the court. The court thus dismisses defendant's Motion to Reduce Sentence (Doc. 301).

The court also dismisses defendant's Motion for Release from Custody (Doc. 304). Defendant brings this motion under 18 U.S.C. § 3582(c)(1)(A). Doc. 304 at 1. "'Federal courts are forbidden, as a general matter, to modify a term of imprisonment once it has been imposed, but the rule of finality is subject to a few narrow exceptions.'" *United States v. Bradley*, 97 F.4th 1214, 1217 (10th Cir. 2024) (quoting *Freeman v. United States*, 564 U.S. 522, 526 (2011)). Title 18 U.S.C. § 3582(c)(1)(A)—commonly called the compassionate-release statute—is one such exception, permitting a court to modify a term of imprisonment in certain circumstances. But this statute allows a defendant to bring a compassionate-release motion only after (1) "the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf" or (2) "the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility[.]" 18 U.S.C. § 3852(c)(1)(A); *see also United States v. Wesley*, 60 F.4th 1277, 1285 (10th Cir. 2023) ("[A] prisoner may not bring a [compassionate-release] motion on his own behalf without first asking the BOP to bring one."). Because exhaustion is a claims-processing rule, it's up to the government to invoke a defendant's failure to exhaust. *United States v. Hemmelgarn*, 15 F.4th 1027, 1031 (10th Cir. 2021). The government has done so here, asserting that Ms. Difrancesco has failed to exhaust. Doc. 305 at 2.

Here, by her own admission, defendant hasn't submitted "a request for compassionate release to the warden." Doc. 304 at 3. To justify this lapse, she explains that she "was told to fill out this motion and send it." *Id.* That reasoning won't do. Because defendant hasn't complied with a mandatory condition of the compassionate-release statute, the court dismisses her Motion for Release from Custody (Doc. 304). *See United States v. Gieswein*, 832 F. App'x 576, 577–78 (10th Cir. 2021) (affirming dismissal of compassionate-release motion where defendant failed to exhaust administrative remedies properly); *see also United States v. Purify*, No. 20-5075, 2021 WL 5758294, at *4 n.3 (10th Cir. Dec. 3, 2021) ("Like dismissals for lack of jurisdiction, dismissals for failure to exhaust are ordinarily without prejudice.").

**IT IS THEREFORE ORDERED BY THE COURT THAT** defendant Angelina Difrancesco's Motion to Reduce Sentence (Doc. 301) is dismissed.

**IT IS FURTHER ORDERED THAT** defendant Angelina Difrancesco's Motion for Release from Custody (Doc. 304) is dismissed.

**IT IS SO ORDERED.**

**Dated this 23rd day of December, 2025, at Kansas City, Kansas.**

> **s/ Daniel D. Crabtree**
> **Daniel D. Crabtree**
> **United States District Judge**